**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TANJA LAVERNE SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **2:26-cv-167-KD-N** |
| **FIRST SOUTH FARM CREDIT, ACA,** | ) | |
| ***et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

On May 6, 2026, Defendant First South Farm Credit, ACA ("First South"), filed its Motion to Dismiss (Doc. 3) Plaintiff's original Complaint (Doc. 1-2) pursuant to Fed. R. Civ. P. Rule 12(b)(6). This Motion to Dismiss has been referred to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Fed. R. Civ. P. 72, and S.D. Ala. GenLR 72(a). See S.D. Ala. GenLR 72(b); docket sheet reference notation dated 5/6/2026.

On May 28, 2026, Plaintiff filed First Amended Complaint (Doc. 10). As a result of this amendment, the subject Motion to Dismiss (Doc. 3) is now directed to a pleading that is no longer operative. *See Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg*

*v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted))); *Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."). Moreover, the First Amended Complaint appears to be an effort to address issues raised in the Motion to Dismiss. *See* Fed. R. Civ. P. 15(a)(1) advisory committee's note to 2009 amendment (stating that the current version of Rule 15(a)(1) was enacted to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in [a Rule 12(b), (e), or (f)] motion[, as a] responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim").

Accordingly, the subject Motion to Dismiss (Doc. 3) is moot and **DENIED without prejudice**.[1] The Court notes that Defendant First South has already filed a motion to dismiss Plaintiff's First Amended Complaint, which remains pending before the Court. See Doc. 12.

**DONE** and **ORDERED** this the 15th day of June 2026.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *See Florence v. Stanback*, 607 F. Supp. 2d 1119, 1120-21 (C.D. Cal. 2009) (district court judge held that the assigned magistrate judge did not exceed jurisdiction by denying a motion to dismiss without prejudice to the defendants' ability to raise the same issues in another motion).